UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AUDRA TOOP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RACHEL ROLLINS, )<br>)<br>Defendant. )<br>) | Civil Action No. 19-11602-DJC |

## ORDER

**CASPER, J.**                                                                                                            November 25, 2019

Audra Toop ("Toop") has filed a civil complaint, D. 1, against Suffolk County District Attorney Rachel Rollins ("Rollins") asking the Court to enjoin a pending state criminal prosecution against her under M.G.L. c. 272 § 99 ("Section 99"). For the reasons stated below, the Court orders that this action be DISMISSED.

The constitutionality of Section 99, which criminalizes certain conduct related to the interception and use of wire and oral communications, has been litigated in this Court. See Martin v. Evans, C.A. No. 16-11362-PBS (D. Mass.). On December 10, 2018, Chief Judge Patti B. Saris held that "Section 99 may not constitutionally prohibit the secret audio recording of government officials, including law enforcement officials, performing their duties in public spaces, subject to reasonable time, manner, and place restrictions." Martin, D. 159 at 43. On May 22, 2019, Chief Judge Saris entered a declaratory judgment, Martin, D. 174, ruling that a permanent injunction was not required to give effect to the Court's ruling. Martin, D. 174 at 8. The Court also ordered that the declaration "be provided to every police officer and to all assistant district attorneys within 30 days." D. 174 at 10.

This is the second action filed by Toop in which she asks that this Court order Rollins to stop a pending state court criminal prosecution against her under Section 99 on the ground that it violates her federal rights. On May 20, 2019, before Chief Judge Saris entered the order of declaratory judgment in Martin, Toop commenced Toop v. Rollins, C.A. No. 19-11062-DJC (D. Mass.). In an order dated July 12, 2019, D. 5, the Court ordered that the action be dismissed without prejudice on the ground of Younger abstention.

Toop did not appeal the dismissal of the action. Rather, on July 24, 2019, she filed the complaint in the present action (designating it as related to Martin), D. 1, a motion for leave to proceed *in forma pauperis*, D. 3, and a motion for compulsory joinder with the Martin case, D. 2.[1] On August 5, 2019, Toop also filed a document entitled "Notice of Removal," D. 5, in which she purports to remove the pending state criminal prosecution against her to this Court pursuant to 28 U.S.C. § 1443.

As a threshold matter, there is no basis for removal of the state criminal prosecution against Toop to federal court. Under 28 U.S.C. § 1443, the following classes of prosecutions may be removed by the defendant to federal court: (1) a prosecution "[a]gainst any person who is denied or cannot enforce" in state court "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof"; and (2) a prosecution "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(1)-(2). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law

---

[1] Although the motion for compulsory joinder bears the caption of the Martin case, the Clerk filed it in this case.

because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)." Johnson v. Mississippi, 421 U.S. 213, 219 (1975). Accordingly, the state court prosecution proceeding against Toop does not fall into either category. Moreover, Toop's allegations do not provide the Court any basis to believe that she cannot enforce her federal rights in a state forum. See City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966) (stating that prosecutions are removable under § 1443(1) only in "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicitly state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court").

With regard to Toop's complaint for injunctive relief, the Court dismisses this action for the same reasons articulated in the Court's order dismissing her earlier action. Toop, C.A. No. 19-11062-DJC, D. 5 at 2 – 3. As the Court already explained, "federal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" In re Justices of Super. Ct. Dep't of Mass. Trial Ct., 218 F.3d 11, 16 (1st Cir. 2000) (quoting Younger v. Harris, 401 U.S. 37, 46 (1971)). Under the principles of Younger abstention, federal courts "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights," id. at 17, as long as the federal claims can be "raised and resolved somewhere in the state process," Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004).

The Court has no reason to believe that Toop does not have an opportunity to raise all

pertinent issues within the state court system.

In accordance with the foregoing, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. The motion for compulsory joinder is DENIED.

3. The action is DISMISSED based on <u>Younger</u> abstention.

**So Ordered.**

     /s/ Denise J. Casper  
United States District Judge